SO ORDERED.

Dated: April 22, 2022

Eddward P. Ballinger Jr., Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SPG HOSPICE, LLC,<br>               Debtor. | Chapter 11<br>Case No. 2:22-bk-02385-EPB<br><br>**ORDER APPROVING APPOINTMENT OF SUSAN NIELSEN GOODMAN AS PATIENT CARE OMBUDSMAN** |

This matter first came before the Court pursuant to the United States Trustee for the District of Arizona's, Region 14 (the "**U.S. Trustee**") *Emergency Motion for Appointment of Patient Care Ombudsman and Request for Expedited Hearing* (the "**PCO Motion**"), seeking the Court's order directing appointment of a patient care ombudsman ("**PCO**") pursuant to 11 U.S.C. § 333. *See* Docket Entry ("**D.E.**") No. **4**. The Court held a hearing on the PCO Motion on April 22, 2022, where the Debtor and creditors appeared, together with counsel for the U.S. Trustee. No parties opposed the Court's Order directing the U.S. Trustee to select for this Court's approval the appointment of a patient care ombudsman.

The U.S. Trustee subsequently filed her *Application for Order Approving Appointment of Patient Care Ombudsman* ("**PCO Application**"). [D.E. No. **11**] Pursuant to Fed. R. Bankr. P. 2007.2(c) the U.S. Trustee has selected, Susan Nielsen Goodman as the patient care ombudsman for Debtor's patients. Ms. Goodman's contact information is as follows:

Susan Nielsen Goodman, RN JD
**PIVOT HEALTH LAW, LLC**
P.O. Box 69734
Oro Valley, AZ 85737
Cell: 520.971.8072
Message: 520.744.7061
Fax: 520.575.4075
sgoodman@pivothealthaz.com

To the best of her knowledge, Ms. Goodman has no connections with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the Office of the U.S. Trustee, except as set forth in her verified statement ("**Verified Statement**") filed concurrently with the PCO Application. [D.E. No. **12**] Ms. Goodman's qualifications are attached to her Verified Statement as its Exhibit "**A**."

Based upon the foregoing and with good cause otherwise appearing;

**IT IS HEREBY ORDERED** that the appointment of Ms. Goodman as the patient care ombudsman is approved subject to the following:

1. The Patient Care Ombudsman ("PCO") shall:

    (a) monitor the quality of patient care provided to patients of the Debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;

    (b) not later than 30 days after the date of this appointment, and not less frequently than at 30 day intervals thereafter, report to the Court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the Debtor; and

    (c) if such ombudsman determines that the quality of patient care provided to patients of the Debtor is declining significantly or is otherwise being materially compromised, file with the Court a motion or a written report, with notice to the parties in interest immediately upon making such determination;

    (d) without special notice to patients, have access to and may review confidential patient records as necessary and appropriate to discharge her duties and responsibilities under this Order, provided however, that she protect the confidentiality of such records as required under non-bankruptcy law and regulations, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (Pub. L. 104-191), and any amendments or implementing regulations ("HIPAA"), and the Health Information

Technology for Economic and Clinical Health Act, which was enacted as title XIII of division A and title IV of division B of the American Recovery and Reinvestment Act of 2009 (Pub. L.111-5), and any amendments or implementing regulations ("HITECH"), including the Final Omnibus Privacy Regulations in 45 CFR Parts 160 and 164; and

(e) in the interests of judicial economy and to avoid confusing Debtors' patients, the Ombudsman will not personally serve individual patients pursuant to Fed. R. Bankr. P. 2015.1(a). Alternatively, PCO will work with Debtor to post a notice informing patients of the PCO appointment, duties, and availability. Such notice will include a statement that PCO reports are available at the facility, through direct contact with the PCO, and/or through Debtor's counsel.

2. On motion of the U.S. Trustee, a party in interest or sua sponte by the Court, the PCO's appointment may be terminated if the Court finds that the appointment is no longer necessary for the protection of patients.

3. The PCO shall apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 330, the Bankruptcy Rules, the Local Rules and pursuant to any additional procedures that may be established by the Court regarding interim compensation and reimbursement of expenses for Chapter 11 professionals.

**SIGNED AND DATED ABOVE**